No. 24-1422. Counsel, you may enter your appearance and proceed. Good morning, Your Honors. Kelly Kafer on behalf of the appellant, Shelter Mutual Insurance Company. May it please the Court. I'd like to try to reserve three minutes at the end of my argument, if possible. This case presents a question of an insurer's obligations under Colorado's Auto Policy Disclosure Statute, Section 10-3-1117. Very simply, the interpretation of the statute advocated by Mr. Fogel and accepted by the district court imposes a disclosure obligation on shelter and other insurers that is clearly beyond what is set forth in 10-3-1117 and would punish them via significant statutory penalties for not complying with a standard that is not actually established by the statute. That result would be contrary to fundamental principles of statutory interpretation, as well as basic notions of fairness and equity, and should be rejected by this court. The district court, in essence, interpreted 10-3-1117 as requiring auto insurers to disclose any policy naming or insuring the alleged at-fault party, regardless of whether that policy actually or even potentially provided coverage for the loss. What's the harm in that when it has to be kept confidential anyway? I mean, the harm, Your Honor, is that, you know, this is basically a situation where, you know, the legislature has imposed this obligation on insurers and says, you know, here's the language we're giving you. We're saying you need to disclose every policy that is or may be relevant. Insurers, you know, attempt to comply with this in good faith, disclose policies that they reasonably believe are applicable. In this case, it disclosed the policy that did apply to the loss, and then, you know, come back and say, well, it's actually broader than what you think it is. And so, you know, you're subject to, you know, in this case, about a year's worth of penalties plus attorney's fees, you know, when you dispute that interpretation. So I think the problem is, you know, it kind of goes to an issue of notice to insurance companies. You know, if you're going to say you need to be disclosing these things, I think you need to make that, make the requirement clear if you're going to also be saying, okay, and now you're going to be penalizing the law if you don't do that. How should we be, I mean, it seems like on the text, it's really about what may be relevant means. Do you agree? I agree. I mean, that's the key turning point here. And how, what is your analysis of that language? I mean, I agree. I understand the language is, obviously, there's a lot of, there's dictionary interpretation, but then the problem becomes, okay, so I think the district court's reading of it was something that has a significant and demotional bearing of the matter at hand, which I don't necessarily disagree. That's the dictionary definition. The problem becomes, what does that mean when applied to insurance policies? And I think you have to look at it in the context of the statute. It can't mean, it can't mean every policy, because if it meant every policy, you just don't need that language. You could just say you have to disclose every policy of the insured. Obviously, it has to be something less than that. So then we think that the logical way to look at that is to say, what applies? What does this coverage provided by this policy actually apply to this loss? Because that is kind of the, you know, obviously the key point with regard to insurance policies is whether or not. So what work is to the claim doing in that, in the statutory text? I'm sorry, Your Honor, what was that? What work is the, are the words to the claim? So it's maybe relevant to the claim. Yeah, I mean, and that's, I think that's exactly the issue is every claim is going to be fact specific. And those facts are key in determining whether or not a policy is going to apply to it. You know, like this case is one where, you know, the insured had four different policies, each insured a different automobile. The fact of which vehicle was involved in the claim was key to determining which policy actually applies to the loss. So I think that also goes to the point of saying, like, if this is, it has to be something that takes into consideration the actual terms of the policy, the actual facts of the loss to say what is or may be relevant in this particular instance. Counsel, does the statute say anything about who decides whether a policy may be relevant? It doesn't expressly, Your Honor, but I think the way the statutory scheme works, it's something, it's essentially, I think, implicit that it has to be the insurance company. I mean, they're the ones who have the disclosure obligation under the statute. They're the ones who suffer the consequences if they get it wrong. And this is actually something that the district court addressed an oral argument on this in the transcript. She basically said that, you know, looking at the statutory scheme, it appears that the legislature wanted to impose a kind of turn it all over approach so that, you know, they just have to turn over every policy. They could have done that. They could have just said disclose every policy, but they didn't do that. So then it puts it in the hands of the insurance company as the disclosing party to make that relevant determination. How is that consistent, though, with the legislatively stated policy of transparency? In other words, why should it simply be up to the insurance company to decide whether a policy is or may be relevant? Isn't it more transparent to broaden that issue and have someone other than the insurance company make that determination? I mean, always, the more information you give, I guess there's an argument that that's more transparent. But I don't think it's to say that the current idea of having insurance companies disclose the policies that they reasonably do apply is not transparent. I mean, I think this has to be looked at. If they're just making a determination back in the office that this can't be relevant, how is the statute enforceable? Well, I mean, if you're not just insurance, sorry, claimants are generally going to know if there is some policy that is out there because of things like police reports and there's other tools that are out there in the world to discover if there's an insurance policy. So if an insurance company is simply not disclosing any policy, there's usually going to be some back and forth with the claimant about why that is. In this case, how did Mr. Fogle learn about the other policies? He learned about them, to my understanding, from the Insurance Personal Counsel. So that's the other thing I was going to point to, Your Honor, is there is provision in the statute for the claimant to get information about what insurance is out there, what insurance providers the alleged tortfeasor has directly from that person. They do have a disclosure obligation as well under the statute. It doesn't carry with it the penalties that apply with respect to insurance companies, but there is a disclosure obligation on the insured party themselves as well. And what's the test for that? Is it an is or may be relevant? No, there's no language about is or may be relevant. So why would they need to disclose the three policies we're talking about here? I don't know that they necessarily needed to, but they did. I mean, they provided information about the policies. I understand that. I thought I heard you say they needed to. No, they need to identify. My understanding of the terms of the statute is that they need to identify, I think, each company that provides them with auto. It's not worded exactly, but they need to provide. On the covered auto, though, right? I mean, you're in an accident. You trade insurance cards. It's the insurance that applies to that car. But maybe they have policies on something else. Do you have to disclose all of that? I think that's arguable. I think the statute is not that clear in regard to the disclosure obligation to the insured. It says that they have to identify their insurance carriers. All right, but Mr. Fogle got information on all four policies and asked to look at them, and the company only provided the one. He had the copy of the one policy, which is identical to the other policies, save for the declaration pages, yes. But he was only provided the one policy. Correct, Your Honor. Correct, and so he just needs to take the company's word for it. Is that what you're saying? I mean, I think in terms of the disclosure obligation of the statute, yes. I mean, that is the way the statutory scheme is set up, is that the insurance carrier has the obligation to disclose. So how did the district court get this wrong? Because I think the interpretation is basically that they have to disclose every policy, but that's not what the statute said. That is what the district court said. It interpreted is or may be relevant. It didn't say every policy. But basically, the determination of what is or may be relevant is going to be every policy. Well, that's your interpretation. It was the named, insured, and the property type, right? I mean, there was some limiting principle to what the district court identified. Well, the property type is auto, and this statute only applies to auto. So realistically, I don't see how the district court's ruling is not going to require disclosure of every auto policy that a carrier has issued to that particular person or names that particular person. Do you agree that a claimant and an insurer could disagree in good faith and reasonably on whether another policy is relevant to the claim? I think there could be a disagreement about that. And so how does that not interfere with the ability to settle the case, which is another legislative policy? Well, I mean, I think you have to look back to how these things, there's historically, the disclosure statute obviously only came about a few years ago. I can't remember the exact year it was enacted. But before that, there was not an obligation to disclose any information. And it's very common for claimants to, as part of discussions with insurance carriers or the claimant themselves, or sorry, the at-fault party themselves, to, you know, require, you know, confirmation of what insurance coverage is or isn't out there before they enter into the settlement. So there's still, there's always been, you know, tools for people to get information and back and forth with these. But that predates the statute. You know, there could be dialogues between insurance companies. And insurance companies are saying, yeah, I have this policy, but it doesn't apply. They're usually not just stonewalling. They're going to be giving some explanation of why, because, you know, if they give an explanation, they're more likely to be able to either reach an agreement with that other party about why the coverage doesn't apply, or if there's obviously a disagreement that can't be resolved, it may have to go to litigation. But the statute, there's always been ways for people to have communications and get information about these outside of the disclosure statute. And the issue with the disclosure statute, as we're saying, is, you know, I understand you can have a debate about what the disclosure obligation should be. But this is a statute that not only sets forth a disclosure obligation, but also imposes very significant penalties on insurance companies for not, you know, complying with what that disclosure obligation is. And what we're saying is, you know, the statute, you know, clearly indicates that it should not be just every policy, that there has to be some limiting factor here, using the is or may be relevant language. Is that solved by this court's opinion affirming, if the court were to affirm the district court, now insurers know, we need to give up all the auto policies where you're an insurer? I mean, it would certainly create some clarity going forward. But the problem is that I think it's not fair to insurance companies that are left in this vacuum over the last few years, you know, incurring liability for not disclosing policies they had no reason to think should be disclosed, because they just didn't apply the laws. I mean, there's never been a dispute in this case about these policies simply didn't apply. I mean, obviously, if there was, I can understand if there was a close question or some dispute on the facts about whether or not a policy applies, I think insurance companies should disclose it. If there's any question about, you know, if there's some plausible way this policy could apply or some dispute about facts about whether it applies, you know, they need to be disclosed. You say that it might apply. What is the data point for making that determination? I mean, the statute tells us that it has to be relevant to the claim. And I think I asked this question already, but I want to have a really clear understanding of what your position is on what makes something relevant to the claim. I mean, the problem with that is it's going to be a fact-specific determination. They're going to have to look at, you know, the terms of coverage and in relation to the facts. And if there's any dispute about the facts or the terms of coverage, again, I think that you have to err towards disclosure. But if there is certainty, like there was in this case, where, you know, this policy only applies to these autos, these policies don't apply because it's this auto, you know, there was no kind of dispute to facts where there would be a question. So if it's a clear case like this, I think that, you know, the statute doesn't contemplate disclosure. But if there is any sort of, you know, factual dispute or plausible way that the policy could come into play, then they need to err on the side of disclosure. And, you know, they would be incentivized to do so because of the penalties that are imposed if they don't. Could I – we haven't talked about damages. And I'm interested in whether you view the statute on damages as answering the question whether to award damages is based on a request for the policies or based on how many policies are requested. I think it has to be based on, you know, this is one particular claimant making requests for policies. Any and all policies that are subject to the disclosure of the statute have to be applied. And the most that can be awarded is $100 a day. I don't see how you can read the statute to impose more than that. I mean, if they wanted to do that, they could easily have included language to say, you know, you're incurring a penalty of $100 a day per policy, per violation, whatever the term. How do you answer, though, the fact that the statute uses the word policy in the singular? So if an insurer is asked to produce multiple policies, why wouldn't its failure to do so constitute multiple violations? I'm sorry, say that again, Your Honor. If it's asked to request multiple policies? Yeah, because the statute refers to policy in the singular. So Mr. Fogle asked for four policies.  But the, Your Honor. Three aren't produced. Why doesn't the singular policy mean that there are three violations? Because the obligation is to disclose all policies that apply, not just the policy request. I mean, the obligation is to disclose each and every policy that, you know, is or may be relevant to the claim. So I think, you know, it already assumes that the obligation is to disclose one or more policies that apply. You know, for instance, if there is an umbrella policy or something like that. Does it say that? Does the statute say one or more? Yes, it has language that says, you know, with regard to each policy of insurance that is or may be relevant, that that's the disclosure obligation. I'm sorry, Your Honor, I'm out of time. I'll try to finish answering your question. But despite the fact that it does. Why don't you just wrap it up and we'll be fine. Sure. Yeah, basically because it does contemplate disclosure of more than one policy already. I don't think you can read it to say that it also is going to impose a separate penalty with regard to each policy without specific language to that effect. Thank you. Thank you, Your Honor. May it please the court. I'm Nelson Boyle here for Carl Fogle. So I would like to address a couple of things that were just said. And first that, you know, there's always been ways to find out what coverage exists. I think my opposing counsel said. And if the legislature accepted that as true, they wouldn't have adopted the statute. The court can't assume that the statute was unnecessary. Also, I think I heard that certainly if there was some dispute over which policy applies, all of them would have to be disclosed completely. In the record. Excuse me. Sorry about that. In the record. So that that actually is a jumping off point for a question I wanted to ask you. I'm thinking of the timing issue here. I mean, we know it. I take it in hindsight that the three policies at issue weren't relevant. Correct. That's correct. OK. So if if they weren't relevant, then why is there a violation? So two reasons. And I'll get to the statutory language second. But first, in the oral argument, plaintiff's counsel was asked, you know, how come this thing settled? And it was clear that it settled because there was personal counsel involved. And this is on pages 657 to 658 of the record, Volume 3, where Mr. Smith, Mr. Fogle's counsel, explained that he had assurances from Mr. Catalano, the at-fault driver's personal counsel, that he still owned the vehicle on the one policy. If he did not still own the vehicle on one policy, the other three policies would be in play. That conversation led to the settlement in November after the July 22 letter that arrived. So getting to the language of the statute, my opponents, they seem to read the statute that just say is relevant, and they leave out or may be relevant. And, you know, the definition of relevant comes into play there. So it is significant and demonstrable bearing on the matter at hand. So does relevant mean provides coverage? No. Relevant means that it could be relevant, it could provide coverage. What's the difference between provides coverage and could provide coverage? Well, it's a policy that does insure this person, but may not apply to this crash. And so that's the dividing line? If a policy names someone as an insured, additional insured, then you have to provide it? Yes, or if it could, if they could be. But it has to be relevant to the claim. I'm sorry to interrupt your answer to Judge Fellows. Could you incorporate that statutory language into your answer? You're talking about the opposing counsel is overlooking what may be relevant means. I think everyone is overlooking the to the claim piece of this. So how do we understand what may be relevant to the claim means? So what may be relevant to the claim is if there's coverage that may apply, because we all know that insurers and insureds sometimes get involved in coverage disputes. And this court and the court below and Colorado courts have to decide those disputes where the insurer says, you know, we read the policy to say you don't have coverage to their insured. And then the insured says, no, I think I do. And then a declaratory action is filed by one or the other. And, you know, the courts have to decide what does this language mean? We cited some of those in our brief, I think on page 41. Some cases that address that said, you know, the insurer got it wrong. Could I just back you up? Because I think what you just said relates to something that you mentioned a couple of minutes ago, which is if the policy that ended up providing coverage was based on the driver's ownership of the car, then the other three wouldn't provide coverage, correct? That's correct. So the question is, are the other three maybe relevant in the event that the driver didn't own the car under the first policy? Is that what you're saying? That's correct. Okay. And, you know, if I could, I'd like to go to the damages portion of the case and address the question about whether it should be one penalty or three if the court doesn't have further questions on that. Actually, I do have another question on that. In the district court, the judge pressed you to articulate a workable standard, which I think is a challenging thing to do in this case. And I believe you said that it's something like if the tortfeasor is named on an insurance policy, then the policy is relevant because even if it doesn't provide coverage, he has to understand that it doesn't provide coverage. And I was thinking about that, and I don't understand how that's different than saying, well, disclose all the policies. And the statute doesn't say disclose all the policies. It has some limiting principle to it. So what is the workable standard that our court should find exists under the statute if we were to endorse your position? Okay, so to clarify that, where do you draw the line before all? Well, what's the workable standard here that doesn't read the statute to disclose everything? Because it doesn't say that. And in fact, it seems that Colorado's statute is quite different from many, many statutes in other states that do require explicitly in the text broader disclosure. So what's the workable standard that endorses your position but doesn't read the statute contrary to its plain text to disclose all the policies? Because it doesn't say that. So that is a difficult question, obviously. I think that because it says may be relevant, it has to be every policy that may be relevant. It doesn't say all. I just don't have in my head an example of something that wouldn't fall under may be relevant. It's pretty expansive, as the district court recognized. I mean, the word relevant is expansive, but then may be relevant is even more expansive. So the claim, may be relevant to the claim. So if I understand your position, it's that the expansive, and I don't want to put words in your mouth, I'm just trying to understand your argument, that the expansive nature of that language, may be relevant to the claim, essentially should be read as everything, all policies. Essentially, yes, for the facts in this case. I mean, I imagine there may be a case out there that, you know, something out there that wouldn't fall within may be relevant. But I'm not sure what that is. What about non-automotive policies? They wouldn't be relevant. They would not, but the statute is pretty clear that it's only automotive policies. So I think it already carved those out. You know, I guess if you had a situation where, you know, maybe somebody was insured under the household insured language in a policy, and, you know, say, you know, they're the child of someone, and then they move out to an apartment, and so they're now in an apartment, but their name is on the policy still because, you know, they've gone off to college or whatever, well, not to college, they've moved out on their own, and they are no longer within the household. There would be a household exclusion there. But again, I mean, I think they'd still have to disclose it because, you know, you wouldn't, the claimant wouldn't know that. What about a policy purchased after the accident? I'm sorry? What about a policy purchased after the accident? Yeah, a policy purchased after the accident. You know, I think if they disclosed the information that it was purchased after the accident, they wouldn't have to disclose the policy. I mean, you know, because they'd be able to show, you know, there is a policy out there, but it was purchased after the accident. Here's the information from our system about when they purchased it. I think that would, you know, why would they have to disclose the actual policy then? That's maybe an example of where it's not every. Because, you know, but I'm not sure on that. I did also want to point out that the brief from the other side takes umbrage with considering the legislative purpose in section 10.3.1101 of the Colorado revised statutes. But in their, in one of their briefs at pages 426 to 427 of volume two, they invited the court to look at that. And that was in the supplemental brief when the court asked for, you know, what does this language mean, you know, for them to address that. So it seems like they invited the court to do what they claim was error to, you know, consider the legislative purpose that's stated in the statutory scheme. On the question. Are you going to talk about damages? I'm sorry? Damages? Yeah. On the question about damages, you know, we believe that because it requires the disclosure of more than one policy, if there is more than one policy, and if each one is withheld, it supports the legislative purpose of transparency to have a separate penalty for each one. Also, there's a separate claim for each one in the lawsuit, and there should be damages for each claim. But it. Let me jump in there. I'm not sure I follow that. I guess we've quoted the words the claim a few times this morning, and I think it comes into play again here, because the request for the policies concerned the claim regarding this accident. Yes. And if that's the way it works, why doesn't that show that any failure to produce them was a singular violation? In other words, you ask for it. You say, okay, we've had this accident. You make this claim. Give us all the policies that are or may be relevant to the claim. Then why isn't failure to do so a single violation? You only get a one-time penalty for that. Well, if the insurers here had withheld these three liability policies, but there was also an umbrella policy that they never disclosed at all and nobody ever knew about, and then in the course of the lawsuit on this, there was another policy that was discovered that also could be relevant, that would be, I mean, so if they withheld the first three and then during the lawsuit you find out there's a fourth one, that would be a separate incident because they didn't even identify it. Well, maybe, but still the request was made. It was made in one day. Give us all the policies, and they held back the three. I mean, the situation you're describing isn't what happened. So in a situation, you know, these are $100,000 policies, but if you had, say, three umbrella policies, so it was $3 million in coverage, right, the insurer would be incentivized to, even though there's a penalty, if the penalty is only going to be $30,000 or $100 a day for a year, you know, so $36,000, it would incentivize playing the game of, you know, do we just withhold these and see if anybody ever finds out about these umbrella policies because if somebody was catastrophically injured and they all applied, they'd have to pay $3 million. By having them have to pay for each policy that they don't disclose, it supports the statutory purpose. I'll also say that the statute is silent on whether it's, you know, a course of conduct or each policy. But, you know, each policy supports the statutory purpose, and the examples of other statutes that, you know, the Colorado legislature had done this in, I mean, like the consumer protection one, there's a whole separate section of the statutes because they have about 100 different types of violations. Here there's only one type of violation. So then they have that. And then the other one with the wage claim, if you read the sections together there, first there's an exception, and then they point to, Shelter points to an exception to the exception to say that, you know, they used specific wording to say that there was a per-claim penalty available. But first they say that they are available. Then they say they're not in a certain situation. Then they say there's an exception to that. Thank you, counsel. I believe we've exhausted the time for this argument, so we will consider the case submitted. Counsel, or excuse me, thank you for your arguments this morning.